UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TIMOTHY CRUMB, on Behalf of Himself** § | | |
| **and Others Similarly Situated,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Case No.: 4:16-CV-662 | |
| § | | |
| **PACKERS PLUS ENERGY SERVICES** § | | |
| **(USA) INC.,** § | | |
| § | | |
| **Defendant.** § | | |

### DEFENDANT'S ORIGINAL ANSWER

Packers Plus Energy Services (USA), Inc. (hereinafter "Defendant"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, files this its Original Answer, answering Plaintiff Timothy Crumb's Collective Action Complaint (the "Complaint") in the order and caption set forth in the Complaint as follows:

### I.   ANSWER

#### SUMMARY

1.   With respect to the allegations of paragraph 1, Defendant admits only that Packers Plus Energy Services (USA), Inc. is the defendant and Timothy Crumb is the plaintiff herein. Defendant denies that Plaintiff is entitled to recover overtime compensation and further denies that the purported collective action is appropriate or colorable. All remaining allegations of paragraph 1 are denied.

2.   Defendant admits that the allegations in paragraph 2 accurately describe a portion of the services provided by Defendant.

3. Defendant admits that it employs field operators that are involved in the administration of some of the services provided by Defendant. Defendant denies the remainder of the allegations.

4. Defendant denies the allegations of paragraph 4.

5. With respect to the allegations of paragraph 5, Defendant admits that field operators were paid a salary and were eligible for a job bonus. All remaining allegations of paragraph 5 are denied.

6. With respect to the allegations of paragraph 6, Defendant admits only that Plaintiff has brought this civil action pursuant to the federal Fair Labor Standards Act, referred to as the "FLSA," and pursuant to state minimum wage law in North Dakota. Defendant denies that it engaged in any illegal or unlawful conduct with respect to Plaintiff's employment. All remaining allegations of paragraph 6 are denied.

7. With respect to the allegations of paragraph 7, Defendant admits only that Plaintiff has brought this civil action pursuant to the federal FLSA. Defendant denies that it engaged in any illegal or unlawful conduct with respect to Plaintiff's employment and further denies that the purported collective action is appropriate or colorable. All remaining allegations of paragraph 7 are denied.

## JURISDICTION AND VENUE

8. The allegations in paragraph 8 are legal conclusions that Defendant is not required to admit or deny.

9. With respect to the allegations of paragraph 9, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding the existence or number of potential collective action members.

10. Defendant denies the allegations in paragraph 10.

11. With respect to the allegations of paragraph 11, Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations regarding Plaintiff Crumb's state of citizenship.

12. With respect to the allegations of paragraph 12, Defendant admits that its corporate headquarters are located in Houston, Texas.

## PARTIES

13. With respect to the allegations of paragraph 13, Defendant admits that Plaintiff Crumb performed work for Defendant. The remainder of the allegations in paragraph 13 are denied.

14. With respect to the allegations of paragraph 14, Defendant admits that Plaintiff was employed by Defendant from the dates of July 3, 2013 to January 25, 2016 and that some of his services were performed in North Dakota. The remainder of the allegations in paragraph 14 are denied.

15. The allegations of paragraph 15 are legal conclusions that Defendant is not required to admit or deny. Defendant admits that Plaintiff was employed by Defendant. The remainder of the allegations in paragraph 15 are denied.

16. The allegations of paragraph 16 are legal conclusions that Defendant is not required to admit or deny. Defendant admits that Plaintiff was employed by Defendant. The remainder of the allegations in paragraph 16 are denied.

17. With respect to the allegations of paragraph 17, Defendant admits that a Consent Form for Wage Claim purportedly signed by Timothy Crumb is attached to Plaintiff's Collective Action Complaint. Defendant denies that the purported collective action is appropriate or colorable.

18. Defendant admits the allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19.

20. The allegations of paragraph 20 are legal conclusions that Defendant is not required to admit or deny.

21. The allegations of paragraph 21 are legal conclusions that Defendant is not required to admit or deny. Defendant admits that Plaintiff was employed by Defendant. The remainder of the allegations in paragraph 21 are denied.

22. With respect to the allegations of paragraph 22, Defendant admits that it maintained timekeeping, payroll, and other employment practices related to Plaintiff Crumb. All remaining allegations of paragraph 22 are denied.

23. Defendant denies the allegations of paragraph 23.

24. Defendant admits the allegations of paragraph 24.

25. Defendant admits the allegations of paragraph 25.

## FACTS

26. With respect to the allegations of paragraph 26, Defendant admits that Plaintiff Crumb was employed by Defendant from the dates of July 3, 2013 to January 25, 2016.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant denies the allegations of paragraph 30.

31. Defendant admits the allegations of paragraph 31.

32. Defendant admits that its field operators assist in administering some of the services Defendant provides to its customers. The remainder of the allegations in paragraph 32 are denied.

33. Defendant admits that its field operators assist in administering some of the services Defendant provides to its customers. The remainder of the allegations in paragraph 33 are denied.

34. Defendant admits that field operators were paid a salary and were eligible for a job bonus. All remaining allegations of paragraph 34 are denied.

35. With respect to the allegations of paragraph 35, Defendant admits that Crumb was not entitled to and did not receive overtime compensation. Defendant denies that it engaged in any illegal or unlawful conduct with respect to Plaintiffs' employment and further denies that the purported collective action is appropriate or colorable. All remaining allegations of paragraph 35 are denied.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

## COLLECTIVE/CLASS ALLEGATIONS

38. With respect to the allegations of paragraph 38, Defendant admits only that Plaintiff has brought a cause of action pursuant to the federal FLSA.  Defendant denies that it engaged in any illegal or unlawful conduct with respect to Plaintiff's employment and further denies that the purported collective action is appropriate or colorable.  All remaining allegations of paragraph 38 are denied.

39. With respect to the allegations of paragraph 39, Defendant admits only that Plaintiff has brought a cause of action pursuant to North Dakota state law.  Defendant denies that it engaged in any illegal or unlawful conduct with respect to Plaintiff's employment and further denies that the purported collective action is appropriate or colorable.  All remaining allegations of paragraph 39 are denied.

40. Defendant denies the allegations in paragraph 40.

41. With respect to the allegations of paragraph 35, Defendant admits that Crumb and any potential class members were not entitled to and did not receive overtime compensation. Defendant denies that it engaged in any illegal or unlawful conduct with respect to their employment and further denies that the purported collective action is appropriate or colorable. All remaining allegations of paragraph 41 are denied.

42. Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. With respect to the allegations of paragraph 45, Defendant denies that the purported collective action is appropriate or colorable, and Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations in paragraph 45.  All remaining allegations of paragraph 45 are denied.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant is presently without sufficient knowledge of the information needed to form a belief as to the truth of the allegations in paragraph 49.

## FIRST CAUSE OF ACTION: FAIR LABOR STANDARDS ACT – OVERTIME WAGES

50. Defendant incorporates by reference its responses to paragraphs 1-49 of the Complaint as if fully set forth herein.

51. Defendant denies the allegations in paragraph 51.

52. The allegations of paragraph 52 are legal conclusions that Defendant is not required to admit or deny.  Nevertheless, Defendant denies the allegations of paragraph 52.

53. With respect to the allegations of paragraph 53, Defendant admits that it employed Plaintiff Crumb.  Defendant denies that the purported collective action is appropriate or colorable.  All remaining allegations of paragraph 53 are denied.

54. The allegations of paragraph 54 are legal conclusions that Defendant is not required to admit or deny.

55. The allegations of paragraph 55 are legal conclusions that Defendant is not required to admit or deny.

56. The allegations of paragraph 56 are legal conclusions that Defendant is not required to admit or deny. Defendant denies that the purported collective action is appropriate or colorable.

57. With respect to the allegations of paragraph 57, Defendant denies that it engaged in any illegal or unlawful conduct with respect to Plaintiffs' employment and further denies that the purported collective action is appropriate or colorable. All remaining allegations of paragraph 57 are denied.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

## SECOND CAUSE OF ACTION:
## NORTH DAKOTA WAGE LAWS – OVERTIME WAGES

63. Defendant incorporates by reference its responses to paragraphs 1-62 of the Complaint as if fully set forth herein.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. The allegations of paragraph 66 are legal conclusions that Defendant is not required to admit or deny.

67. The allegations of paragraph 67 are legal conclusions that Defendant is not required to admit or deny.

68. The allegations of paragraph 68 are legal conclusions that Defendant is not required to admit or deny.

69. Defendant denies the allegations in paragraph 69

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. With respect to the allegations of paragraph 73, Defendant admits that Plaintiffs have demanded a jury trial.

### PRAYER FOR RELIEF

With respect to the allegations of Plaintiff's Prayer for Relief, Defendant denies that it engaged in any illegal or unlawful conduct with respect to Plaintiffs' employment and that Plaintiffs are entitled to recover any damages from Defendant. Defendant further denies that the purported collective and purported class action is appropriate or colorable. All remaining allegations of Plaintiff's Prayer for Relief are denied.

Each and every allegation set forth in the Complaint that is not expressly admitted herein is denied.

### II. AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

74. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to state a valid claim for relief.

## SECOND DEFENSE

75. Plaintiff's claims "on behalf of himself and other similarly situated employees" are barred, in whole or in part, by the applicable statute of limitations.

## THIRD DEFENSE

76. Plaintiff's claims are barred, in whole or in part, because Defendant paid Plaintiff all sums of money to which Plaintiff is entitled to as compensation for hours worked pursuant to 29 U.S.C. §§ 206-207 and 29 C.F.R. § 785.1, *et seq.* and any corresponding section(s) under the North Dakota Wage Laws (N.D. Admin. Code § 46-02-07-01 *et. seq.*)

## FOURTH DEFENSE

77. Defendant has fully performed its contractual, statutory, and other duties, if any, to Plaintiff, and Plaintiff is therefore estopped from asserting any claims against Defendant.

## FIFTH DEFENSE

78. Plaintiff's claims are barred, in whole or in part, because Defendant did not have the requisite intent or state of mind to commit the acts alleged, acted at all times reasonably and in good faith based on all relevant facts and circumstances known to Defendant at the time Defendant so acted, and did not act willfully, recklessly, or maliciously. Assuming *arguendo* that Defendant failed to pay Plaintiff overtime wages, Defendant cannot be held liable under 29 U.S.C. § 216, and any corresponding section(s) under the North Dakota Wage Laws, because the failure to pay was not willful.

### SIXTH DEFENSE

79. Plaintiff's claims are barred, in whole or in part, because Plaintiffs' claims must be commenced within two years after the claims accrued because any alleged violation by Defendant was not willful.

### SEVENTH DEFENSE

80. Assuming *arguendo* that Defendant failed to pay Plaintiff certain wages, Defendant is entitled to an offset or deduction for any overpayments or any regular wages or overtime wages paid to Plaintiff that do not constitute hours worked and/or do not require overtime compensation.

### EIGHTH DEFENSE

81. Plaintiff's claims are barred, in whole or in part, to the extent that any of the putative collective or class action members are exempt from the minimum wage and overtime pay provisions of the FLSA and the North Dakota Wage Laws pursuant to one or more exemptions under 29 U.S.C. § 213 and any corresponding exemption(s) under the North Dakota Wage Laws, including but not limited to the executive, administrative, and highly compensated worker exemptions.

### NINTH DEFENSE

82. This case may not be maintained as a collective or class action because the purported Representative Plaintiff is not similarly-situated, or an otherwise adequate representative, to bring such claims on behalf of himself and all other persons whom he purports to represent.

### TENTH DEFENSE

83. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

#### ELEVENTH DEFENSE

84. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

#### TWELFTH DEFENSE

85. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

#### THIRTEENTH DEFENSE

86. Plaintiff's claims are frivolous, unreasonable, groundless, and not brought in good faith.  Plaintiff has no proper basis for filing or maintaining this action against Defendant.

#### FOURTEENTH DEFENSE

87. To the extent Plaintiff is owed any overtime, the amount owed is only "half time" under the fluctuating workweek methodology.

#### FIFTEENTH DEFENSE

88. Plaintiff's attempt to file this as a collective action is untimely and untenable in light of an earlier filed lawsuit seeking to certify the same class of Defendant's employees.

#### RESERVATION OF DEFENSES

89. Because Plaintiff's pleadings are so vague, Defendant cannot reasonably anticipate additional defenses which it may assert depending upon the actual allegations of Plaintiffs. Defendant reserves the right to assert additional defenses in the event additional persons become Plaintiffs or in the event that further investigation, discovery or rulings of the Court indicate that additional defenses would be appropriate.

Defendant Packers Plus Energy Services (USA), Inc. having fully answered Plaintiff's Collective Action Complaint, denies that Plaintiff is entitled to any relief and hereby prays that

the Court dismiss Plaintiff's case in its entirety, that Plaintiff take nothing by way of this suit, and that Defendant be awarded its reasonable attorney's fees and costs and such other relief to which it may be entitled.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

**By:** */s/ Robert L. Rickman*
Robert L. Rickman
Texas State Bar No. 24013400
rrickman@krcl.com
Kenneth C. Riney
Texas State Bar No. 24046721
kriney@krcl.com
Jaime M. DeWees
Texas State Bar No. 24097593
jdewees@krcl.com
1601 Elm Street
3700 Thanksgiving Tower
Dallas, Texas 75201
Telephone:  (214) 777-4270
Facsimile:   (214) 777-4299

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2016, a true and correct copy of the foregoing document has been sent to the following counsel of record by electronic mail through ECF filing in accordance with the Federal Rules of Civil Procedure, as follows:

Richard J. (Rex) Burch
rburch@brucknerburch.com
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046

Michael A. Josephson
mjosephson@fibichlaw.com
Andrew W. Dunlap
adunlap@fibichlaw.com
Lindsay R. Itkin
litkin@fibichlaw.com
FIBICH, LEEBRON, COPELAND, BRIGGS & JOSEPHSON
1150 Bissonnet St.
Houston, Texas 77005

> */s/ Robert L. Rickman*
> Robert L. Rickman