UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY CRUMB, CHARLES HENDERSON, OBED JIMENEZ, TIM JONES, GARY LEBER, DAVIS STAHL, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PACKERS PLUS ENERGY SERVICES (USA), INC.,<br><br>Defendant. | CASE NO.: 4:16-CV-662<br><br>JURY DEMANDED |

## FIRST AMENDED COLLECTIVE/CLASS ACTION COMPLAINT

### SUMMARY

1. This lawsuit seeks to recover overtime compensation for Timothy Crumb, Charles Henderson, Obed Jimenez, Tim Jones, Gary Leber, Davis Stahl and other similarly situated field operators employed by Packers Plus Energy Services (USA), Inc.

2. Packers Plus is an energy company engaged in downhole completions, specializing in horizontal multi-stage fracturing.

3. Packers Plus employs field operators to provide its services (for example, the installation of hydraulic fracking systems).

4. Although field operators generally work well over forty hours per workweek, Packers Plus did not pay[1] its field operators overtime premiums for hours worked over the forty hours in a workweek.

5. Instead, Packers Plus paid field operators a base salary, plus a daily rate, regardless of how many hours are worked.

---

[1] Packers Plus has apparently seen the error of its ways. It now pays its field operators overtime.

6. This violates the Fair Labor Standards Act (FLSA) and various state laws.

7. Plaintiffs bring this action on behalf of themselves and similarly situated field operators nationwide who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Packers Plus that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction under 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331(a), 1332(a), and/or pursuant to 28 U.S.C. § 1367 (because the state and federal claims are from a common nucleus facts described herein).

9. The proposed collective action includes a total number of plaintiffs in excess of 100.

10. The amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

11. One of more of the Plaintiffs (Crumb, for example) and Packers Plus are citizens of different states.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## PARTIES

**Plaintiffs**

13. Crumb, Henderson, Jimenez, Jones, Leber, and Stahl were each employed by Packers Plus as a field operator.

14. Throughout his employment (from approximately March 2013 to December 2015), Crumb worked as a field operator in North Dakota.

15. Throughout his employment, Henderson worked as a field operator in, among other places, California, New Mexico, North Dakota, and Texas.

16. Throughout his employment, Jimenez worked as a field operator in both Texas and New Mexico.

17. Throughout his employment, Jones worked as a field operator in, among other places, Illinois and Pennsylvania.

18. Throughout his employment, Leber worked as a field operator in, among other places, Kentucky and Pennsylvania.

19. Throughout his employment, Stahl worked as a field operator in Texas, Colorado, Oklahoma, and New Mexico.

20. At all relevant times, Plaintiffs were "employees" of Packers Plus as defined by the FLSA.

21. At all relevant times, Packers Plus was Plaintiffs "employer" as defined in the FLSA and the applicable state wage and hour laws.

22. Plaintiffs' written consents are on file with the Court.

**Packers Plus Industries, Inc.**

23. Packers Plus is a corporation organized and existing under the laws of Delaware.

24. Packers Plus is headquartered in Houston, Texas (its parent is headquartered in Canada).

25. Packers Plus is a covered employer within the meaning of the FLSA, and, at all times relevant, employed Crumb and similarly situated employees.

26. Packers Plus is a covered employer within the meaning of the various wage and hour laws relevant to this dispute, and, at all times relevant, employed Crumb and similarly situated employees.

27. At all times relevant, Packers Plus maintained control, oversight, and direction over Crumb and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

28.     Packers Plus applies the same employment policies, practices, and procedures to all field operators at Packers Plus, including policies, practices, and procedures with respect to the payment of overtime compensation.

29.     Upon information and belief, at all times relevant, Packers Plus's annual gross volume of sales made or business done was not less than $1,000,000.00.

30.     Packers Plus has been served and answered herein.

## FACTS

31.     Plaintiffs were employed by Packers Plus as field operators.

32.     The typical work day for Plaintiffs was more than 8 hours.

33.     Plaintiffs worked long days, for extended periods of time.

34.     For example, Crumb's typical schedule was supposed to be a rotation of 18 days on, 6 days off. However, Crumb was often required to work more.

35.     During the course of his employment, Crumb worked an average of 50 to 60 hours a week, but often worked more.

36.     At Packers Plus field operator's primary job duty was the installation and maintenance of fracking equipment.

37.     Plaintiffs performed duties typical of a field operator employed by Packers Plus.

38.     Packers Plus field operators perform one of the primary types of service Packers Plus provides to its customers.

39.     The work Packers Plus's field operators perform is an essential part of the service Packers Plus performs for its customers.

40.     Packers Plus field operators are paid in large part based on the number of days (or shifts) they work.

41.     Like all Packers Plus field operators, Plaintiffs did not receive overtime compensation when they worked over 40 hours in a workweek.

42.     Packers Plus owes Plaintiffs, and the other field operators, like them, overtime wages.

43.     By failing to pay its field operators time and a half for each overtime hour worked over 40 in a workweek, Packers Plus violated the FLSA and the various state laws identified below.

## COLLECTIVE / CLASS ALLEGATIONS

44.     Crumb brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as field operators at Packers Plus nationwide, who elect to opt-in to this action (the "FLSA Collective").

45.     Henderson brings the Second, Third, Fourth, and Fifth Causes of Action under California state law, on behalf of himself and all similarly situated persons who have worked as field operators at Packers Plus in California (the "California Class").

46.     Jones brings the Sixth Cause of Action under Illinois state law, on behalf of himself and all similarly situated persons who have worked as field operators at Packers Plus in Illinois (the "Illinois Class").

47.     Leber brings the Seventh Cause of Action under Kentucky state law, on behalf of himself and all similarly situated persons who have worked as field operators at Packers Plus in Kentucky (the "Kentucky Class").

48.     Jimenez, Henderson, and Stahl, bring the Eighth Cause of Action, an overtime claim under New Mexico state law, on behalf of themselves and all similarly situated persons who have worked as field operators at Packers Plus in New Mexico (the "New Mexico").

49.     Crumb brings the Ninth Cause of Action, an overtime claim under North Dakota state law, on behalf of himself and all similarly situated persons who have worked as field operators at Packers Plus in North Dakota (the "North Dakota Class").

50. Jones and Leber bring the Tenth Cause of Action under Pennsylvania state law, on behalf of themselves and all similarly situated persons who have worked as field operators at Packers Plus in Pennsylvania (the "Pennsylvania Class").

51. Packers Plus is liable under the FLSA and the various state laws for, *inter alia,* failing to properly compensate Crumb and other similarly situated field operators.

52. Consistent with Packers Plus's policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

53. All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Packers Plus, and/or Packers Plus has been aware of all of the work that Crumb and the FLSA Collective have performed.

54. As part of its regular business practice, Packers Plus has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   (a) willfully failing to pay its employees, including Crumb and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

   (b) willfully failing to record all of the time that its employees, including Crumb and the members of the FLSA Collective, have worked for the benefit of Packers Plus.

55. Packers Plus is aware or should have been aware that federal law required it to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

56. Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

57. Packers Plus's unlawful conduct has been widespread, repeated, and consistent.

58. There are many similarly situated current and former field operators who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of

this lawsuit and the opportunity to join it.

59. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

60. Those similarly situated employees are known to Packers Plus, are readily identifiable and can be located through Packers Plus's records.

### First Cause of Action: Fair Labor Standards Act – Overtime Wages

61. Plaintiffs incorporate the preceding paragraphs by reference.

62. Packers Plus has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

63. At all relevant times, Crumb and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. At all relevant times, Packers Plus employed Crumb and the FLSA Collective.

65. The FLSA's overtime provisions apply to Packers Plus.

66. At all relevant times, Packers Plus has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

67. At all times relevant, Crumb and the FLSA Collective were employees within the meaning of the FLSA.

68. Packers Plus failed to pay Crumb and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

69. Packers Plus's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

70. Packers Plus has not made a good faith effort to comply with the FLSA with respect to its' compensation of Crumb and the FLSA Collective.

71. Because Packers Plus's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

72. As a result of Packers Plus's willful violations of the FLSA, Crumb and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. § 207.

73. As a result of the unlawful acts of Packers Plus, Crumb and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

### Second Cause of Action: Failure to Pay Overtime (California Class)

74. Plaintiffs incorporate the preceding paragraphs by reference.

75. Packers Plus treated the Field operators who worked in California and the California Class as exempt from the applicable state and federal overtime laws and denied them overtime wages.

76. Packers Plus suffered or permitted the field operators who worked in California and the California Class to work more than 8 and/or 12 hour in a day, and/or 40 hours in a week, in California, without paying them overtime as required by the California Labor Code.

77. By failing to pay overtime to the field operators who worked in California and the California Class, Packers Plus violated the California Labor Code and the provisions of the applicable I.W.C. Wage Order, which require overtime compensation to non-exempt employees.

78. As a result of Packers Plus's unlawful acts, the field operators who worked in California and the California Class have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

### Third Cause of Action: Failure to Provide Meal & Rest Breaks (California Class)

79. Plaintiffs incorporate the preceding paragraphs by reference.

80. Packers Plus employed the field operators who worked in California and the California Class for work periods of more than 5 hours per day.

81. Packers Plus had an affirmative obligation to ensure that employees were actually relieved of all duty in order to take uninterrupted 30-minute meal periods in the first five hours of work each day.

82. Packers Plus regularly violated its obligations to provide meal periods, with the result that the field operators who worked in California and the California Class were not provided the legally required meal periods.

83. Nor did Packers Plus provide the field operators who worked in California or the California Class with the rest breaks required by California law.

84. The field operators who worked in California and the California Class regularly worked more than 5 hours in row without being provided any rest break whatsoever.

85. Therefore, the field operators who worked in California and the California Class are entitled to be paid one hour of pay for each day they were not provided with the required meal and/or rest periods.

**Fourth Cause of Action: Failure to Pay Final Wages (California Class)**

86. Plaintiffs incorporate the preceding paragraphs by reference.

87. California Labor Code § 201 requires an employer who discharges an employee to pay all unpaid wages owed to that employee immediately.

88. California Labor Code § 202 requires an employer to pay all wages owed to an employee within 72 hours of that employee's resignation.

89. Under California Labor Code § 203, an employer willfully failing to pay all wages due upon separation from employment is liable for continued wages for each day payment in full is not made, up to 30 days.

90. Under California Labor Code § 204, an employer must pay all wages earned by any person in any employment at least twice during each calendar month, on days designated in advance by the employer as the regular paydays.

91. Packers Plus willfully failed to timely pay wages, including overtime, owed to the field operators who worked in California and the California Class during and after their employment terminated.

92. As a result, Packers Plus is liable to the field operators who worked in California and the California Class under California Labor Code Sections 201-204, for the penalties under California Labor Code Section 210, and for 30 days' additional wages.

**Fifth Cause of Action: Violations of California UCL (California Class)**

93. Plaintiffs incorporate the preceding paragraphs by reference.

94. California Business & Professions Code § 17200 (the Unfair Competition Law (UCL)), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

95. Section 17204 permits "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

96. For at least four years preceding the filing of the original complaint in this matter, Packers Plus engaged in unlawful, unfair and/or fraudulent business acts and practices as defined by § 17200 by engaging in the acts alleged in this Complaint.

97. For example, and not by way of limitation, Packers Plus failed to pay overtime for all hours worked in excess of 8 and 12 hours a day, and/or 40 hours in a week for work, performed in California.

98. This failure to pay overtime violated both federal and California state law.

99. The violations of law, including the FLSA and the California Labor Code, described herein serve as predicate acts and practices for the purposes of UCL § 17200.

100. As a direct and proximate result of Packers Plus's unlawful, unfair, and/or fraudulent acts and practices described herein, it received and continues to hold ill-gotten gains belonging to the field operators who worked in California and the California Class.

10

101. Packers Plus profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those unpaid overtime compensation and interest accrued by the field operators who worked in California and the California Class.

102. The field operators who worked in California and the California Class are entitled to restitution pursuant to UCL §§ 17203 and 17208 for all unpaid overtime compensation and interest starting four years before the filing of this action.

103. The field operators who worked in California and the California Class are entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to UCL § 17202.

104. The field operators who worked in California success in this action will enforce important rights affecting the public interest.

105. In this regard, the field operators who worked in California sue on behalf of the public as well as on behalf of themselves and others similarly situated.

106. The field operators who worked in California and the California Class seek and are entitled to the unpaid compensation, declaratory, and any other appropriate remedy.

107. In order to prevent Packers Plus from profiting and benefiting from wrongful and illegal acts and continuing those acts, an order should be entered requiring Packers Plus to disgorge all the profits and gains reaped and restore such profits and gains to its workers, from whom they were unlawfully taken.

108. The field operators who worked in California have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

109. Packers Plus's acts described herein constitute unlawful business acts and practices in violation of the UCL, entitling the field operators who worked in California and the California Class to recover their back wages, interest and costs.

### Sixth Cause of Action: Violations of the Illinois Minimum Wage Law (Illinois Class)

110. Plaintiffs incorporate the preceding paragraphs by reference.

111. By the conduct detailed in this Complaint, Packers Plus violated the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, by failing to pay the field operators employed in Illinois overtime pay for the time worked in excess of 40 hours in individual workweeks.

112. For all the worked in excess of 40 hours in individual workweeks, the Illinois Class was entitled to be paid one and one half times the applicable regular rates of pay.

113. Packers Plus violated the Illinois Minimum Wage Law by failing to compensate the members of the Illinois Class consistent with the maximum hour provisions.

114. The Illinois Class is entitled to have the Court determine the rights of the class pursuant to the statute, and any other damages due, and to direct Packers Plus to account for all back wages, liquidated damages, penalties and prejudgment interest thereon due to the Illinois Class.

115. Pursuant to 820 ILCS 105/12(a), the Illinois Class is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

### Seventh Cause of Action: Violations of the Kentucky Law (Kentucky Class)

116. Plaintiffs incorporate the preceding paragraphs by reference.

117. Packers Plus violated, and continues to violate, the overtime provisions of the Kentucky Wages and Hours Act (KWHA).

118. Packers Plus is aware that its field operators work more than 40 hours in a workweek without receiving proper overtime compensation as required by the KWHA. Ky. Rev. Stat. § 337.285.

119. Packers Plus acted willfully in failing to pay the Kentucky Class in accordance with the KWHA.

120. Plaintiffs and the members of the KWHA Class are therefore entitled to their unpaid wages, liquidated damages, attorney's fees and costs.  Ky. Rev. Stat. § 337.385(1).

**Eighth Cause of Action: Violation of the New Mexico Minimum Wage Act (New Mexico Class)**

121. Plaintiffs incorporate the preceding paragraphs by reference.

122. The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act (NMMWA).

123. Packers Plus was and is an "employer" within the meaning of the NMMWA.

124. At all relevant times, Packers Plus employed each member of the New Mexico Class as an "employee" within the meaning of the NMMWA.

125. The NMMWA requires an employer like Packers Plus to pay overtime to all non-exempt employees.

126. The field operators employed in New Mexico were and are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

127. Within the applicable limitations period, Packers Plus had a policy and practice of failing to pay overtime pay to the New Mexico Class members for their hours worked in excess of 40 hours per week.

128. As a result of Packers Plus's failure to pay overtime to the New Mexico Class, Packers Plus violated the NMMWA.

129. The New Mexico Class is entitled to recover their unpaid overtime based on Packers Plus's failure to pay 1 and ½ time their regular rates of pay for work performed in excess of 40 hours in a week, an amount equal to twice these underpayments as liquidated damages, and such other legal and

equitable relief resulting from Packers Plus's violations of the NMMWA as the Court deems just and proper.

130. The New Mexico Class also seeks recovery of attorneys' fees and costs of this action to be paid by Packers Plus, as provided by the NMMWA.

**Ninth Cause of Action: Violation of North Dakota Wage Laws (North Dakota Class)**

131. Plaintiffs incorporate the preceding paragraphs by reference.

132. Packers Plus has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

133. The conduct alleged violates North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01 et seq.) (the "North Dakota Wage Laws").

134. At all relevant times, Packers Plus was subject to the requirements of the North Dakota Wage Laws.

135. At all relevant times, Packers Plus employed each member of the North Dakota Class as an "employee" within the meaning of the North Dakota Wage Laws.

136. The North Dakota Wage Laws require an employer like Packers Plus to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

137. Crumb and the members of the North Dakota Class were entitled to overtime pay under the North Dakota Wage Laws.

138. Within the relevant period, Packers Plus had a policy and practice of failing to pay overtime to Crumb and each member of the North Dakota Class for hours worked in excess of 40 hours per workweek.

139. Crumb and each member of the North Dakota Class are entitled to unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours

in a workweek; prejudgment interest; all available penalty wages; and such other legal and equitable relief as the Court deems just and proper.

140. Crumb and each member of the North Dakota Class are entitled to attorneys' fees, costs, and expenses of this action, to be paid by Packers Plus, as provided by North Dakota law.

**Tenth Cause of Action: Violation of Pennsylvania Minimum Wage Act (Pennsylvania Class)**

141. Plaintiffs incorporate the preceding paragraphs by reference.

142. The conduct alleged violates the Pennsylvania Minimum Wage Act (PMWA) (43 Pa. Stat. Ann. § 333.104).

143. At all relevant times, Packers Plus was subject to the requirements of the PMWA.

144. Packers Plus employed each member of the Pennsylvania Class as an "employee" within the meaning of the PMWA.

145. The PMWA requires an employer like Packers Plus to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week.

146. The members of the Pennsylvania Class were entitled to overtime pay under the PMWA.

147. But Packers Plus had a policy and practice of failing to pay overtime to Dennis and the other members of the Pennsylvania Class for hours worked in excess of 40 hours per workweek.

148. The Pennsylvania Class seeks unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

149. The Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Packers Plus, as provided by the PMWA.

## JURY DEMAND

150. Plaintiffs demand a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. That, at the earliest possible time, Crumb be allowed to give notice of this collective action, or that the Court issue such notice, to all field operators and similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Packers Plus. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. All unpaid wages and additional damages allowed under the various state laws;

D. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA, as well as under the relevant state laws;

E. Issue an injunction prohibiting Packers Plus from violating California law;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: */s/ Rex Burch*
_____
Richard J. (Rex) Burch
SD Texas No. 21615
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

>Michael A. Josephson
>Texas Bar No. 24014780
>Andrew W. Dunlap
>Texas Bar No. 24078444
>Lindsay R. Itkin
>Texas Bar No. 24068647
>**FIBICH, LEEBRON, COPELAND,**
>**BRIGGS & JOSEPHSON**
>1150 Bissonnet St.
>Houston, Texas 77005
>Tel: (713) 751-0025
>Fax: (713) 751-0030
>mjosephson@fibichlaw.com
>litkin@fibichlaw.com
>adunlap@fibichlaw.com
>
>**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

On October 14, 2016, I served this document via the Court's ECF system.

>**/s/ Rex Burch**
>_____
>Richard J. (Rex) Burch